IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:04-cv-342-MJR |
| CARL MILLER, et al., | ) ) ) |
| Defendants. | ) ) |

**ORDER**

This matter is before the Court on the Motion for Appointment of Counsel filed by the Plaintiff, Michael Williams, on December 5, 2005 (Doc. 26) and the Motion for Extension of Time filed by the Plaintiff on January 12, 2006 (Doc. 27).  For the reasons set forth below, the motion for appointment of counsel is **DENIED** and the motion for extension of time is **GRANTED**.

### BACKGROUND

The Plaintiff's complaint alleges that the officials at the Tamms Correctional Center are infringing on his First Amendment rights by refusing to note in his prison file that his religion has changed from Catholicism to Judaism.  Because of this failure, he alleges that he is being denied various books, religious material, and meals that conform to his newly embraced religion.  Attached to his complaint are grievances he has filed in which he outlines his complaint and which indicate the prison's response to his requests for religious material.  The responses essentially state that the Plaintiff cannot change his religion to Judaism while incarcerated based on the opinion of Rabbi Scheiman of Des Plaines, Illinois.  As such, the prison is incapable to noting the change of religion on the Plaintiff's inmate file.

On August 1, 2005, the Plaintiff filed his first motion for appointment of counsel.  The

motion was denied without prejudice as the Plaintiff had failed to show that he had attempted to secure counsel without Court intervention. With this motion, the Plaintiff has submitted three letters from law firms declining representation.

The Plaintiff also seeks an extension of time to complete discovery and file a dispositive motion. Currently, the discovery deadline is January 20, 2006 and the dispositive motion filing deadline is February 6, 2006. The Plaintiff seeks a two month extension.

### DISCUSSION

**Motion for Appointment of Counsel**

As this Court has previously stated, 28 U.S.C. §1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." However, there is no constitutional or statutory right to counsel for a civil litigant. Stroe v. Immigration and Naturalization Services, 256 F.3d 498, 500 (7th Cir. 2001); Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995). In Heidelberg v. Hammer, 577 F. 2d 429 (7th Cir. 1978), the Court recognized that the question of whether or not to request an attorney to represent a plaintiff rests in the sound discretion of the district court "unless denial would result in fundamental unfairness impinging on due process rights." 577 F.2d at 431; See also Gil v. Reed, 381 F.3d 649, 656-657 (7th Cir. 2004); 28 U.S.C. § 1915(e)(1). The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful. Miller v. Pleasure, 296 F.2d 283, 284 (2nd Cir. 1961). Under Local Rule 83.1(i), every member of the bar of this Court shall be available for appointment to represent an indigent.

The threshold burden the litigant must meet is to make a reasonable attempt to secure private counsel. Gil v. Reed, 381 F.3d 649, 656 (7th Cir. 2004); Zarnes, 64 F.3d at 288. After

meeting the threshold burden, there are five factors that a district court should consider in ruling on a request to appoint counsel. Those factors are (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent person to present the case; and (5) the complexity of the legal issues raised by the complaint. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993); Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982); Maclin v. Freake , 650 F.2d 885,887-889 (7th Cir. 1981).

While the Plaintiff has met the threshold burden of attempting to secure counsel, the appointment of counsel is not warranted. This case appears to be relatively simple, with limited factual disputes and a narrow legal issue. The ultimate question in this case is whether the prison must change the Plaintiff's religious designation even if a religious leader indicates that such a conversion is not possible while the Plaintiff is incarcerated. Such a limited issue requires minimal discovery. It also appears that the plaintiff is capable of filing coherent and well-reasoned motions before the Court. Therefore, the Court will not appoint counsel at this time.

**Motion for Extension of Time**

The Plaintiff seeks additional time to complete discovery and to file dispositive motions. The parties may have until **March 31, 2006** to complete any outstanding discovery. Dispositive motions shall be due by **April 17 2006**.

## CONCLUSION

For the foregoing reasons, the Motion for Appointment of Counsel filed by the Plaintiff, Michael Williams, on December 5, 2005 is **DENIED** (Doc. 26) and the Motion for Extension of Time filed by the Plaintiff on January 12, 2006 is **GRANTED** (Doc. 27).  The discovery deadline is extended to **March 31, 2006** and the dispositive motion deadline is extended to **April 17 2006.**


**DATED: January 18, 2006**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**
