IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL WILLIAMS,            )
                                )
       Plaintiff,          )
                                )
       v.              )          Case No. 3:04-cv-342-MJR
                                )
CARL MILLER, et al.,         )
                                )
       Defendants.      )

**ORDER**

This matter is before the Court on the Motion for Order filed by the Plaintiff, Michael Williams, on May 5, 2006 (Doc. 33) and the Motion for Extension of Time filed by the defendants on June 15, 2006 (Doc. 36).  The motion for order is **DENIED IN PART AND GRANTED IN PART** and the motion for extension is **GRANTED**.

The plaintiff seeks to depose the defendants in this matter.  He requests a Court Order compelling the institution where he is housed, the Tamms Supermax Facility, to provide an audio cassette recorder, compelling the defendants to "make arrangements" for the depositions, and compelling defense counsel to be responsible for filing with the Court and copying for the plaintiff the audio recording.  The plaintiff also seeks the Court's assistance in appointing a person to administer oaths and an extension of the discovery deadline.  In the alternative, the plaintiff seeks appointment of counsel.

Federal Rule of Civil Procedure 30 provides the procedure for depositions upon oral examination.  The plaintiff is required to furnish a reasonable notice of the time and place of the deposition, Rule 30(b)(1), and provide for the recording of the deposition, Rule 30(b)(2).  The deposition also must be taken before an officer designated under Rule 28 – although the parties may agree differently.  See Rule 30(b)(4).

Unfortunately for the plaintiff, it can be difficult to depose an individual from prison. The necessity of security in a prison setting limits the time, place, and manner in which depositions can occur. Nonetheless, the burden of setting up a deposition and paying for the cost of the deposition rests with the plaintiff. The cost of providing the audio recording equipment (and the costs of copying and filing the tapes), and the potential costs associated with finding a person to administer oaths, also rests with the plaintiff. These costs cannot and will not be shifted to the defendants, to the prison, or to the Court. See Ivey v. Harney, 47 F.3d 181, 185 (7th Cir. 1995) ("Nothing in the common law supports an order directing a third party to provide free services that facilitate litigation."). This is the plaintiff's lawsuit, not the defendants', and he must bear the cost. Thus, the plaintiff must coordinate with prison officials to secure a location for the deposition, to either provide recording equipment or approve the plaintiff's recording equipment, and to provide an officer to administer the oath or allow the person the plaintiff designates to enter the jail for the purpose of administering the oath.

As an alternative to oral depositions, the defendants have indicated that they do not oppose depositions upon written questions as provided by Rule 31. The Court assumes that the defendants will also not object to answering the questions at the Attorney General's office in Springfield, or some other location convenient to the defendants, and that they will not object to furnishing an officer before whom the written deposition can be taken. If the plaintiff wishes to use this discovery option, the Court suggests that the plaintiff correspond with the defendants' counsel to determine the location of any such deposition on written questions and the availability of an officer required under Rule 31(a)(3).

Finally, the plaintiff also requests the appointment of counsel and an extension of the

discovery deadlines.  With respect to the appointment of counsel, the plaintiff already has been denied appointment of counsel by an Order dated January 18, 2006 (Doc. 28).  While the Court is aware that it is difficult to prosecute a case while incarcerated, this difficulty is offset by the plaintiff's training as a paralegal.  The plaintiff appears more than capable of understanding and following the Federal Rules of Civil Procedure and seeking out individuals who can assist him in his lawsuit.  Therefore, counsel will not be appointed.  However, this Court will extend the discovery deadline in this case for the limited purpose of conducting the defendants' depositions.  The plaintiff may have until **August 25, 2006** to conduct any further depositions.  The dispositive motion filing deadline also is extended to **September 8, 2006.**  As these deadlines have already been extended on multiple occasions, they will not be extended any further unless there is an abundant showing of good cause.

For the foregoing reasons, the Motion for Order filed by the Plaintiff, Michael Williams, on May 5, 2006 is **DENIED IN PART AND GRANTED IN PART** (Doc. 33) and the Motion for Extension of Time filed by the defendants on June 15, 2006 is **GRANTED** (Doc. 36).

**DATED: June 29, 2006**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**
